MATHEU, PLAINTIFF AND APPELLEE, *v.* MURILLO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for the Rescission of a Contract in Fraud of Creditors and for Damages.

No. 1554.—Decided June 1, 1917.

CONTRACT—RESCISSION OF CONTRACT—DEFRAUDATION OF CREDITORS—JUDGMENT AGAINST ONE SPOUSE—CONJUGAL PARTNERSHIP.—Judgment being entered against the wife in an action brought against her only, an action will not lie for the rescission of a contract of sale entered into later by the conjugal partnership, of which the wife is a member, on the ground of a presumption that the sale was made to defraud the creditor, because the conjugal partnership is a distinct entity which was not bound by the judgment. Hence, the provision of section 1264 of the Civil Code is not applicable to said sale.

ID.—CONJUGAL PARTNERSHIP—PRIVATE PROPERTY.—In accordance with the clear provision of section 1319 of the Civil Code, a lot belonging to one of the spouses by acquisition before marriage ceases to be private property when after the marriage the conjugal partnership builds a house upon it.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for the appellants.

*Messrs. R. Sánchez Montalvo* and *E. P. Gibson* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for the rescission of a contract made to defraud creditors, and for damages. The complaint alleges, in substance, that the plaintiff owned a certain interest in a hotel established in Ponce and sold it to the defendant, Rosalía Murillo, the wife of defendant Rosaly; that the price agreed on was not paid and the plaintiff sued said Rosalía Murillo to recover the same and obtained judgment on May 29, 1913, notice of which was given to the defendant on the 30th of that month; that upon attempting to execute the judgment it appeared that the defendant had no property; that when the defendant purchased the plaintiff's interest in the hotel she was the owner of record of a house and lot on Comercio Street, Ponce, which are described; that with knowledge of the debt, of the judgment rendered against defendant Murillo and of the fact that she would become

insolvent, her mother, defendant Berdeguez, in bad faith
connived with her daughter to defraud the plaintiff and
purchased from her the said house and lot by a deed of Sep-
tember 5, 1913; that as a result of the transfer defendant
Murillo became insolvent; that by reason of this transaction
the plaintiff has been obliged to make a trip and incur ex-
penses in detriment of his interests, and that he has no other
recourse at law to obtain the relief to which he is entitled.

The defendants demurred to the complaint on the ground
that it did not state facts sufficient to constitute a cause of
action and their demurrer having been overruled, they an-
swered denying generally and specifically all and each of
the allegations of the complaint.

The case went to trial and the court rendered judgment
for the plaintiff, whereupon the defendants took the present
appeal.

One of the grounds of the appeal is that the district court
"erred in holding that the house sold by Rosalía Murillo
was charged with the satisfaction of the judgment against
her." The court has examined carefully the pleadings and
the evidence and is forced to the conclusion that such error
was committed and, therefore, that the judgment appealed
from should be reversed.

It was alleged in the complaint and proved at the trial
that the plaintiff sold his interest in the hotel to defendant
Murillo. When he brought the action to recover the amount
for which he sold it, he brought it against the said defendant
only, and it was she against whom the judgment of May 29,
1913, was rendered.

The sale of the urban property whose rescission was
prayed for by the plaintiff and adjudged by the court, was
not made by defendant Murillo personally but by the con-
jugal partnership composed of Joaquín Rosaly and his wife,
defendant Murillo, a distinct entity which was not bound by
the judgment of May 29, 1913. Therefore, the provision of
section 1254 of the Civil Code is not applicable to said sale.

And it cannot be said that the lot on which the house sold was built was the separate property of defendant Rosalía Murillo. It was at one time because it was acquired by her previous to her marriage with Rosaly, but according to the conclusive provision of section 1319 of the Civil Code it ceased to be her separate property when, after the marriage, the conjugal partnership erected the house upon it.

The complaint should be dismissed and the judgment appealed from

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.

On June 21, 1917, a motion for reconsideration was overruled.